**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

**CHRISTOPHER WILKINS**                          **CASE NO.  2:26-CV-01343**

**VERSUS**                                                       **JUDGE JAMES D. CAIN, JR.**

**RIVERCITY SECURITY**                            **MAGISTRATE JUDGE LEBLANC**

**MEMORANDUM ORDER**

 **CONSIDERING** the Motion to Proceed In Forma Pauperis [Doc. 2] filed by plaintiff Christopher Wilkins, who is self-represented and seeks to proceed without prepayment of fees, **IT IS ORDERED** that the motion is **GRANTED**, and, accordingly, plaintiff, Christopher Wilkins, is hereby permitted to proceed in the above-named matter without prepayment of fees as provided in 28 U.S.C. § 1915.

Pursuant to 28 U.S.C. § 1915(e), the court has conducted a preliminary review of the allegations and finds the complaint entirely lacking, as discussed below.  Accordingly, **IT IS FURTHER ORDERED** that Plaintiff is granted until **June 18, 2026,** to file an Amended and Restated Complaint to address the problems identified below.  **Failure to comply with this order may result in dismissal of this action under 28 U.S.C. § 1915(e)(2)(B) or under Rule 41(b) or 16(f) of the Federal Rules of Civil Procedure.**

**DISCUSSION**

In cases proceeding *in forma pauperis*, the court must dismiss the case if the court determines that the lawsuit: "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

1

In this case, plaintiff Christopher Wilkins filed this civil action on a form titled "Civil Case Complaint."  Doc. 1.  The complaint contains no factual allegations.  It simply names a defendant and alleges "discrimination," "racism, harassment, and retaliation," and that the plaintiff has been "demoted, harassed and retaliated against."  Doc. 1.  The defendant is listed as having a street address in Tennessee.  The "Case No." field contains the number "494-2025-03649," next to which the intake clerk in this court wrote the case number for this case, 2:26-cv-01343.

On these allegations, the Complaint is deficient in the following particulars and cannot survive initial review under 28 U.S.C. § 1915(e)(2)(B).  A litigant is entitled, however, to amend his complaint once before a responsive pleading is served. Fed. R. Civ. P. 15(a); *Chapman v. Texas*, 245 F. App'x 398, 399 (5th Cir. 2007).  Accordingly, plaintiff is directed to amend the complaint to address the following deficiencies.

### 1.    *Rule 8*

Rule 8 of the Federal Rules of Civil Procedure requires that a complaint set forth a short and plain statement of the facts upon which the claim is based. The United States Supreme Court requires the complaint plead enough facts to state a claim that is plausible on its face. Complaints filed by self-represented persons are held to less stringent standards than those drafted by attorneys, but even self-represented parties may not use conclusory allegations or legal conclusions to support a claim.

Plaintiff shall file an Amended and Restated Complaint that attempts to set forth facts in short, numbered paragraphs that support a plausible claim against the defendant named in his original Complaint.  The Amended and Restated Complaint should state as briefly as possible the facts showing that the plaintiff is entitled to damages or other relief sought.  At a minimum, the Amended and Restated Complaint should attempt to describe with greater specificity who

2

allegedly harmed plaintiff, what the defendant did to harm plaintiff, the place and date(s) that each event occurred, a description of the alleged injury(ies) sustained as a result of the alleged violation(s), and the laws plaintiff believes were violated.

**2.      *Employment Related Claims***

Plaintiff uses the word "demoted" to describe the injury he suffered, and on the first page of the Complaint he provides a claim number that may be associated with the Nashville Area Office of the Equal Employment Opportunity Commission (the "EEOC").  If plaintiff is asserting employment discrimination, it may be mandatory for him to first obtain a Notice of Right to Sue letter from the EEOC, depending on the law(s) under which he seeks to proceed.  Accordingly, the plaintiff should attach to his Amended and Restated Complaint any relevant Notice of Right to Sue that he has received in connection with these claims.  Failure to do so may result in dismissal of some or all of his claims.  The Amended and Restated Complaint should also attempt to identify which federal or state law(s) the defendant allegedly violated.

**3.      *Venue***

Generally, a civil action may only be brought in a judicial district where the defendant resides or in which a substantial part of the events or omissions giving rise to the claim occurred. 28 U.S.C. § 1391.  Plaintiff indicates that defendant has a Tennessee address, and plaintiff provides a claim number that may be associated with the Nashville office of the EEOC.  To the extent that the events giving rise to this Complaint occurred in Tennessee, the Amended and Restated Complaint should provide some argument in support of plaintiff's claim that venue as to the defendant(s) is appropriate in the Western District of Louisiana.

4.      *Damages*

The Amended and Restated Complaint should state briefly and precisely what damages or other relief the plaintiff asks the court to order, including any basis for claiming that the wrongs alleged are continuing at the present time, the amounts of any actual damages claimed for the acts alleged and the basis for these amounts.

## CONCLUSION

Before this court determines the proper disposition of plaintiff's Complaint, plaintiff should be given the opportunity to remedy the deficiencies identified above.  *Chapman v. Texas*, 245 F. App'x 398, 399 (5th Cir. 2007).  Therefore, **IT IS ORDERED** that, on or before **June 18, 2026**, plaintiff shall amend and restate his complaint to correct these deficiencies.  **Failure to comply with this order may result in dismissal of this action under 28 U.S.C. § 1915(e)(2)(B) or under Rule 41(b) or 16(f) of the Federal Rules of Civil Procedure.**

**SO ORDERED** at Lake Charles, Louisiana, this 18th day of May, 2026.

_____
THOMAS P. LEBLANC
UNITED STATES MAGISTRATE JUDGE